UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13CR146 CDP |
| ) | |
| AHMAD JAMEL BRITTON, ) | |
| ) | |
| Defendant. ) | |

### **MEMORANDUM AND ORDER**

Defendant Ahmad Britton filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), seeking to benefit from Sentencing Guidelines Amendment 794, which relates to a defendant's role in the offense, and from a recent case from the Ninth Circuit Court of Appeals. Amendment 794, which was effective November 1, 2016, has not been added to the list of retroactive amendments in U.S.S.G. §1B1.10(d). Even this change were retroactive, however, it would not help defendant, for several reasons. Defendant Britton was a leader of this crime, not a minor or minimal participant. He was sentenced to the mandatory minimum sentence, so any change in the guidelines could not reduce his sentence in any event. Finally, he received a very substantial variance from his sentencing guidelines range, and any lower sentence would not serve the interests of justice.

**Discussion**

Defendant Britton pleaded guilty to distribution of cocaine base, conspiracy to distribute cocaine, and conspiracy to possess a firearm in furtherance of a drug trafficking crime. He recruited other people to engage in what he believed would be an armed robbery of a drug dealer.

I sentenced Britton to the mandatory minimum term of ten years in jail, which was a very substantial variance from the Sentencing Guidelines range of 324 to 405 months. Part of the variance was agreed to by the government in order to give the defendant the benefit of anticipated guidelines changes relating to drug quantity, but the remainder was based on other factors, including the defendant's background and characteristics and the nature of the crime.

Amendment 794 did not change the actual language of U.S.S.G. §3B1.2, which provides for a decrease in offense level if the defendant was a minimal or minor participant in the offense. Rather, the amendment, and the case on which Britton relies, merely provided guidance on how to apply the guideline.

Britton was not a minor or minimal participant in the offense. In fact, he received an upward adjustment to the offense level under U.S.S.G. §3B1.1 because he was an organizer or leader of criminal activity that involved five or more participants. One of his convictions required a mandatory minimum sentence of

ten years.  His sentence was the lowest he could receive under the statute. Moreover, given the serious nature of the crime, I would not reduce his sentence even if I had the authority to do so.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for retroactive application of sentencing guideline 794 (303) and his motion for transcript without charge (301) are denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 21st day of November, 2016.