UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

AHMAD J. BRITTON

v.

UNITED STATES OF AMERICA

CASE NO. 4:13-CR-146-CDP

RECEIVED JUL 24 2020 BY MAIL

## MOTION FOR COMPASSIONATE RELEASE

Now comes, AHMAD J. BRITTON, into this Honorable Court humbly requesting this Honorable Court reduce his term of imprisonment to home confinement in accordance with 18 U.S.C 3582(c)(1)(A).

The COVID-19 pandemic is extraordinary and unprecedented in modern times. The petitioner moves for compassionate release under section 3582(c)(1)(A) of title 18 of the United States Code, as amended by the First Step Act, which authorizes the Court to modify terms of imprisonment as follows:

The Court..... upon motion of the defendant after the defendant has fully exhausted all administrative remedies/rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendants behalf, or the lapse of 30 days from the receipt of such a request by the warden at the defendants facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) after considering the factors set forth in section 3553(a) to

-1-

the extent that they are applicable it it finds that extraordinary and compelling reasons warrants such a reduction and that such a reduction is consistant with applicable policy statement issued by the sentencing commission..... 18 U.S.C 3582(c)(1)(A).

In order to be entitled to relief under the statue, Petitioner must meet the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a reduction of his sentence.

In Petitioner's case, petitioner's counselor was absent for well over 30 days, upon his return in early June of 2020, petitioner requested the appropriate administrative remedy forms multiple times, and was always told that "he would give them to him later," which never occurred. Finally, on June 24, 2020, petitioner filed a written request on the computer system, requesting that the Warden file a Compassionate Release Motion on his behalf.

"Even where exhaustion is seemingly mandated by statue..... the requirement is not absolute." Washington v. Barr F.3rd 109, 118 (2nd Cir. 2019)

"First, exhaustion may be unnecessary where it would be futile, either because agency decision-makers are biased, or because the agency has already determined the issue. Undue delay if it in fact results in catastrophic health consequences, could make exhaustion futile.

"Second, exhaustion may be unnecessary where the administrative process would be uncapable of granting adequate relief, including situations where the relief agency might provide Covid, because of undue delay, become inadequate."

Third, exhaustion may be unnecessary where pursuing agency review would subject plaintiff to undue prejudice." Washington, 925 F.3rd at 118.

-2-

In Petitioner's case with underlying health issues, when considered in light of the spread of Covid-19, clearly demonstrates that further delay could likely result in such catastrophic health consequences, including death. (see New York v. Sullivan, 906 F.2D 910, 918 (2nd Cir. 1990). Additionally, where Bureau of Prisons officials require inmates to circumvent the system, the exhaustion system is deemed wholly unavailable.

## II. Extraordinary And Compelling Reasons for Release

Section 3582(c)(1)(A) permits a sentence reduction only upon a showing of "extraordinary and compelling reasons" and only if "such a reduction is consistant with applicable policy statements issued by the Sentencing Commission. The authority to define "extraordinary and compelling reasons" has been granted to the United States Sentencing Commission, which has defined that term at U.S.S.G 1B1.13 (see United States V. Ebbers, No. 02 cr 11443, 2020 U.S. Dist Lexis 3746 2020 WL 91399 at 4-5 (S.D.N.Y. Jan. 8, 2020).

Petitioner suffers from underlying ailments, such as hypertension, High Blood Pressure, and arthritis. Petitioner has been diagnosed with multiple serious medical conditions that according to reports from the Center for Disease Control makes him particularly vulnerable to severe illness from COVID-19. (see people who are at Higher risk for Severe illness CDC (April 10, 2020) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precaution/people at high risk html.

The U.S. President has declared a National Emergency, and states and localities across the nation have implemented measures to slow the spread of the novel virus. Although courts are aware of measures taken by the BOP, news reports of the virus's spread in detention centers within the United States and beyond our borders demonstrate that individuals housed within the prison system remain particularly vulnerable to infection. See, e.g. Danielle Ivory, "We are not a Hospital"

a prison braces for the Coronavirus. NY Times (March 17, 2020), https://www.nytimes.com/2020/03/17/us Coronavirus-prison-jails.html (citing densley populated living conditions, dearth of soap, hand sanitizer, and protective gear, and impossibility of maintaining safe distance between inmates and guards as reasons prisoners are at particular risk of infection.)

## III. Risk Facing Petitioner Due to COVID-19

Jails and prisons are powder kept for infection. People in Jails and prisons cannot practice social distancing, control their exposure to large groups, practice increased hygiene, wear protective clothing, obtain specific products for cleaning and laundry, avoid frequently touched areas and surfaces, or thoroughly sanitize their enviroment. "Realisticly, the best-perhaps the only-way to mitigate the damage and reduce the death toll is to decrease the prison population by releasing as many people as possible." United States v. Nkanga No. 18-cr-713 2020 U.S. Dist. Lexis 56188 at *1 (S.D.N.Y Mar. 31, 2020 (Farman J).

COVID-19 spread with uncommon and frightening speed in incarceral settings: In Wuhan China - where Covid-19 originated - over half of all new infections cases originated in the city's prison system.(1) On Riker Island the rate of infection among incarcerated people is over six times the rate of infection in New York.(2) The Cook County Jail in Chicago is the country's largest known source of Covid-19 infections. (3.) Elkton Federal Prison in Ohio, three inmates have died, 44 have been hospitalized and 14 are on ventilators.(4.) Within days of Covid-19 arriving at the Oakdale Federal Prison in Louisiana, the number of cases "EXPLODED," by March 19, 2020, at the 1700 person facility, one inmate had died, one guard

-4-

had been committed into the hospital's intensive care unit (ICU), and another 30 inmates and an unknown number of staff were in quarantine. Five days later, five inmates at Oakdale had died.(5.) Dallas Fort-Worth Federal Institution had over 700 cases and multiple inmate deaths due to Covid-19.

For the reasons stated in this motion, the petitioner request this Honorable Court reduce his term of incarceration to home confinement. Petitioner is extremely vulnerable because of his underlying ailments, which could turn his term of incarceration into a "death" sentence if the petitioner contracts Covid-19.

Petitioner prays this Honorable Court grants this motion and reduce his term of incarceration to home confinement. Petitioner meets all 3553(a) criteria...

Respectfully Submitted,
Ahmad J. Britton

-5-



**U.S. Department of Justice**

*Federal Bureau of Prisons*

*Federal Correctional Complex*

---

P. O. Box 26045
Beaumont, Texas   77720

July 6, 2020

MEMORANDUM FOR INMATE POPULATION
                FEDERAL CORRECTIONAL COMPLEX, BEAUMONT, TEXAS

FROM:           T. Brasfield, Deputy Captain
                Federal Correctional Complex, Beaumont, Texas

SUBJECT:        COVID-19 Update

The purpose of this memorandum is to give the population an update of our status. As you may be aware, we currently have 2 positive COVID-19 inmate cases here at the Medium facility. Our focus this week is to ensure we sanitize the institution with an emphasis on laundry/linen and all common areas. Commissary will be closed this week to accomplish this task. Limited inmate orderlies will be used to accomplish the tasks of the institution. These inmates will be COVID tested. Only one (1) orderly will be authorized to be out at a time. UNICOR inmates will be tested prior to going back to work as well.

Institutional operations will be modified this week to ensure we identify any further inmates that require isolation status. Showers will resume after medical has screened all possible exposed inmates, and are cleared. Out of cell time will be limited to showers only until further notice.

We are currently testing inmates to identify any other possible positive cases. If you experience any symptoms please notify staff immediately. As a reminder proper wearing of the mask and use of sanitation items are required. We have fared well so far during this pandemic, but further sanitation is required. Your

continued compliance, and understanding is remarkable. I am aware that this is a stressful time, and some have family effected by this virus, but my goal is keep all inmates and staff healthy and as safe as possible.

Plans are being established to ensure meals are provide timely due to the recent changes experienced by COVID-19.



**U.S. Department of Justice**

*Federal Bureau of Prisons*

*Federal Correctional Complex*

---

P. O. Box 26045
Beaumont, Texas   77720

July 17, 2020

MEMORANDUM FOR INMATE POPULATION
FEDERAL CORRECTIONAL COMPLEX, BEAUMONT, TEXAS

FROM:          J. Rhodes, Acting Warden
               Federal Correctional Complex, Beaumont Medium

SUBJECT:       COVID-19 Update

The purpose of this memorandum is to provide the inmate population an update of our current status. Currently, FCC Beaumont Medium has (45) positive COVID-19 inmate cases. Our focus is to ensure we sanitize the institution with an emphasis on laundry/linen and all common areas. Commissary is being provide this week for over the counter medications (OTC's) and hygiene. The following week, food items will be available for purchase. This rotation will remain until further notice. The spending limit for commissary remains $50.00.

Institutional operations will be modified and all programming has been canceled until further notice. Currently, the inmate population will receive (1) hot meal per day. Showers will be provided three days a week (M/W/F), one cell at a time. Use of computers and phones are currently prohibited due to sanitary reasons. A plan is currently being discussed to resume inmate phone calls and use of computers.

We will continue to test inmates to identify any possible positive cases. If you experience any symptoms, please notify staff immediately. As a reminder, proper wearing of the mask and use of sanitation items are required.

I am aware that this is a stressful time, and some have family effected by this virus, but my goal is keep all inmates and staff healthy and safe as possible.

Case: 4:13-cr-00146-CDP   Doc. #: 315   Filed: 07/24/20   Page: 10 of 10 PageID #: 1325

Mr. Ahmad Britton #30551-044
F.C.I. Beaumont (MED)
P.O. Box 26040
Beaumont, TX. 77720



Clerk of Court
111 S. Tenth St.
St. Louis, Mo. 63102

RECEIVED
JUL 24 2020
BY MAIL

LEGAL MAIL